[Crim. No. 4972. Second Dist., Div. One. Sept. 1, 1953.]

THE PEOPLE, Respondent, v. TOM HENDERSON, Appellant.

Everett W. Leighton and Lionel Richman for Appellant.

Edmund G. Brown, Attorney General, and Alan R. Woodard, Deputy Attorney General, for Respondent.

DORAN, J.—This is an appeal from the judgment and the order denying a motion for a new trial.

Defendant and appellant together with two other defendants, Robert Henderson and D. W. Henderson, are charged by information with grand theft in Counts I and II and with "conspiracy to violate section 236 of the Vehicle Code, a misdemeanor, and section 487, subd. 3 of the Penal Code." In the third count 10 overt acts are alleged.

At the trial, before a jury, appellant appeared in propria persona. The defendants did not testify.

The offenses involve the theft of automobiles, remodeling and sale thereof, and other transactions relating to stolen automobiles and their resale. The defendants did the work on the cars—altering, painting and otherwise changing their appearance. The trial consumed several days.

Appellant submits the following question on appeal:

1. Is the evidence sufficient to sustain the conviction of grand theft contained in Counts I and II?

2. Is the evidence sufficient to sustain the conviction of conspiracy contained in Count III?

3. Did the court abuse its discretion in refusing to exclude witnesses?

4. Is the conspiracy statute unconstitutional as applied to the facts of this case?

5. Was the district attorney guilty of prejudicial misconduct in his argument to the jury?

Appellant argues that, "possession alone is insufficient to sustain the conviction for in addition to the mere possession of stolen property shortly after it is stolen, there must be corroborating circumstances tending to show the defendants guilty." and that "A complete search of the record completely fails to show a specific intent to commit the crime of larceny.

This specific intent is an essential fact to be proved by the prosecution." . . . "The specific intent requisite to constitute the offense charged may not be manufactured and the appellant concedes that the prosecution need not prove the specific intent directly, but by the same token, appellant maintains that the evidence must be sufficient to reflect the specific intent."

With regard to the conspiracy offense, appellant argues that "An examination of the record shows no concerted activity between this appellant and any other defendant. In the absence of any knowledge on the part of appellant that the vehicle which he was offering for sale contained a transmission from the disappeared Bel Air Chevrolet, he could not be a party to an agreement to commit an unlawful act. On the contrary, the record shows that in offering the vehicle for sale, he acted openly and honestly."

Appellant's argument above noted that, "possession alone is insufficient to sustain the conviction," is answered by respondent as follows, "Appellant next contends that possession of stolen property alone is insufficient to sustain the conviction since there must also be corroborating circumstances tending to show the defendant's guilt. The record in the instant case supplies what, respondent believes, amounts to more than ample corroboration. Appellant had been seen on premises rented by him working on automobiles, some of which answer the description of those stolen from the Angelus and Bellwood Companies. Documents were filed with the Department of Motor Vehicles bearing the purported signature of appellant. He held himself out as the owner of the Bel Air Chevrolet in negotiating with two potential buyers to whom he was going to sell for $1,300, a price considerably under the then current market price. He contacted one Nancy Burris in connection with the storing of the burned-out 1949 Fleetline Sedan in her garage. The motor number on this car had been tampered with but a subsequent investigation revealed that it contained the motor from the car taken from the Bellwood Company. After the two cars were seized, appellant sought to have them released, stating that they were both his." The record contains other evidence in addition to the foregoing. That the evidence is sufficient to support the judgment as a matter of law there can be no question.

From an examination of the record there appears to have been no abuse of discretion by the court in refusing to exclude witnesses.

The constitutionality of the Penal Code section on conspiracy is well settled and requires no citation of authority.

As to the alleged misconduct of the district attorney, no exceptions were noted at the trial. It does not appear that such remarks were prejudicial or improper.

The record reveals no prejudicial errors. The judgment and order are affirmed.

White, P. J., and Scott (Robert H.), J. pro tem., concurred.

Appellant's petition for a hearing by the Supreme Court was denied October 1, 1953.